**UNITED STATES of America, Plaintiff,**

v.

**Madat CHATOOR, and Azizuddin Madhani, Defendants.**

Criminal Action No. H–95–126.

United States District Court,
S.D. Texas,
Houston Division.

March 27, 1996.

Stuart A. Burns, Assistant U.S. Attorney, Houston, Texas, for Plaintiff.

David Cunningham, Houston, Texas, for Defendants.

OPINION ON RECONSIDERATION OF SENTENCE

HUGHES, District Judge.

1. *Background.*

Madat Chatoor and Azizuddin Madhani pleaded guilty to trafficking in counterfeit Dooney & Bourke handbags, key chains, and wallets. Chatoor and Madhani owned Jazz Fashions, a retail store on Harwin in southwest Houston. This was one of several businesses in that area targeted by Customs officials after a private investigator discovered several of these businesses were trafficking in counterfeit goods.

The presentence report listed three separate seizures and undercover purchases from Jazz Fashions. The probation officer determined that the value of the infringing items in all three seizures was $236,295. The defendants contested this figure at the sentencing hearing and throughout the objections process. The court asked Chatoor at the sentencing what he thought the retail value of the items was. He responded that their value was over $100,000. The court concluded that the value of the infringing items was limited to the December 14 seizure, and the value was $150,972.50. They were sentenced to eighteen months in prison. The defendants, who now realize the effect of their admissions in court, ask for reconsideration of their sentences.

2. *The Counterfeit Operation.*

The retail businesses sold a variety of counterfeit trademarked goods. To avoid getting caught and having the goods seized, the retailer developed a practice of displaying "look-a-like" items without the logos. The logos were kept either in a separate location in the store or in a location off the premises, like the trunk of an employee's car parked nearby. Only at the point of sale was the logo affixed to the "look-a-like" item. The probation officer considered the "look-a-like" items as part of the value of infringing items because the evidence indicated they would be sold infringingly.

3. *The Related Cases.*

The infringing retailers and wholesalers in these businesses were sentenced in different

**454**

courts in the southern district of Texas. The related cases are:

A. *United States v. Ramzanani Surani,* H–95–00127 (Melinda Harmon, J.; USPO Monita)(retailer).

B. *United States v. Akbar Khwaja,* H–95–00129 (Kenneth Hoyt, J.; USPO Monita)(retailer).

C. *United States v. Chatoor,* H–95–126 (Lynn N. Hughes J.; Sr USPO Reed)(retailer).

D. *United States v. Bee's Trading Company,* H–95–00120 (Sim Lake, J.)(wholesaler).

In all three presentence reports for the retailers, the probation officer took the position that the "look-a-like" purses should be calculated into the value of the infringing items.

Simultaneously with the retailers' cases, another case was indicted. The two corporations indicted in it were the wholesale companies; they supplied the items to the retailers indicted in the related cases. One of the corporations was the wholesaler for the "look-a-like" purses, while the other corporation was the wholesaler of the trademarked logos. Bee's Trading, the "look-a-like" purse wholesaler, moved to have the seized purses returned because they were not infringing goods without the addition of the trademarked logo. The items were returned.

When the retailers in the first two cases objected to the value of the "look-a-like" purses, the probation officer relied on the recently-decided wholesaler ruling, suggesting that the purse value should not have been included in the transaction value. The value of the infringing items in those two cases was reduced at the sentencing hearing to include only the value of the infringing logos.

These defendants were in the retail business; they sold purses with the trademark attached, making the counterfeit items the combination of the "innocent" purse and the illegal logo. The defendants intended to sell the innocent purses they had purchased from the wholesaler with the trademark-infringing logos placed on them. If an injustice has been done, it was the lower sentences in the first two retailer cases, rather than the sentences in this case.

4. *Conclusion.*

The sentences will stand.

**ORDER ON RECONSIDERATION OF SENTENCE**

The motion for reconsideration of sentence is denied (# 48).